NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Michael KELLY, <br><br> Plaintiff, <br><br> v. <br><br> BOROUGH OF UNION BEACH, and BOROUGH OF UNION BEACH POLICE DEPARTMENT, <br><br> Defendants. | Civil No. 10-4124 (AET) <br><br> **OPINION & ORDER** |

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter has come before the Court upon Defendants Borough of Union Beach and Borough of Union Beach Police Department's Motion to Dismiss Plaintiff's Complaint [docket # 7]. Plaintiff Michael Kelly opposes the motion and also seeks leave to amend the Complaint [16]. The Court has decided the motion upon the submissions of both parties and without oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons stated below, Defendants' motion to dismiss is granted in part and denied in part, and Plaintiff's motion to amend is granted.

## II. BACKGROUND

This case arises out of Defendants' alleged failure to pay Plaintiff for over 5,200 hours of accrued compensatory time. (Compl. ¶ 8) [1]. Plaintiff Michael Kelly worked for the Defendants as a police officer from 1986 until September 1, 2009. (*Id.* ¶ 3.) He served as a Sergeant from 1986 to 1996, as a Captain from 1996 until March 1, 2004, and as Chief of Police

effective May 13, 2004 until his retirement on September 1, 2009.  (*Id.* ¶ 4.)  From roughly 1995 onwards, Plaintiff covered for other officers that were out with injuries or on military leave.  (*Id.* ¶¶ 5–6.)  Plaintiff's Employment Contract provides for "comp time," (Levy Certification I Ex. C, at ¶ 4), which is time accrued for work performed in excess of 40 hours per week, (Br. in Opp'n 5–6.)  Plaintiff, like other employees, had the option of using accrued compensatory time to take time off during his employment with Defendants.  (*Id.* at 6.)  Given a shortage in manpower, Plaintiff did not utilize his compensatory hours to take time off.  (Compl. ¶ 7.)  Plaintiff reported in writing to the Borough Clerk the time accrued for each calendar year.  (*Id.* ¶ 8.)  As of his retirement, Plaintiff had accrued a total of over 5,200 hours of "compensatory time."  (*Id.*)  The Borough's Employee Manual states, "Compensatory time earned and not used as of the date of termination shall be paid in accordance to the provisions of the Fair Labor Standards Act." (Levy Certification I Ex. B, at ¶ B-7.)  However, Defendants have not paid the Plaintiff for any of the allegedly accrued time.  (Compl. ¶ 11.)

On August 11, 2010, Plaintiff filed the present Complaint [1], alleging a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as well as common law claims including breach of contract, breach of the implied covenant of good faith and fair dealing, *quantum meruit*, tortious interference with economic advantage, unjust enrichment, and equitable estoppel / detrimental reliance.

Defendants filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) on October 28, 2010 [7].[1]  They assert that all of Plaintiff's common law claims are preempted by FLSA.  (Br. in Supp. 8–11.)  They further argue that Plaintiff's employment contract limits his compensatory time to holidays and court appearances, for which Plaintiff has already been paid.  (Br. in Reply 7–8) [19].  Finally, Defendants argue that Plaintiff's compensatory-time claims are subject to a

---

[1] Due to a misunderstanding, co-counsel for the Defendants filed an Answer on November 22, 2010 [9], which we dismissed without prejudice [14].

480-hour limit, (Br. in Supp. 11–14); that Plaintiff's overtime claims prior to August 11, 2008, are barred by the statute of limitations, (*id.* 15–17); and that all of Plaintiff's FLSA claims are wholly barred by the "executive employee" exemption, (*id.* 17–20).

Plaintiff opposes the Motion to Dismiss and requests leave to amend [16].

## III. MOTION TO DISMISS

### A. Standard of Review for Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), the defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). A district court must accept as true all of the plaintiff's factual allegations, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim that is facially plausible. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Facial plausibility exists where the facts pled allow the court reasonably to infer that "the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 129 S. Ct. at 193). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* (quoting *Iqbal*, 129 S. Ct. at 195).

### B. Preemption of State Common Law Claims

Defendants argue that Plaintiff's common law claims must be dismissed because they are preempted by FLSA. (Br. in Supp. 8–11) [7]. We agree.

The doctrine of preemption is rooted in the Supremacy Clause, which provides that the

"Constitution, and the Laws of the United States which shall be made in Pursuance hereof . . . shall be the supreme Law of the Land." U.S. Const. Art. VI, cl. 2. The Supreme Court has identified three situations in which preemption applies: (1) "express" preemption, applicable when Congress has expressed its intent to preempt state law; (2) "field" preemption, applicable when Congress has manifested its intent to preempt state law through pervasive regulation or where a federal interest is dominant enough to preclude state enforcement; and (3) "conflict" preemption, applicable when a state law must be nullified insofar as it conflicts with federal law. *Colacicco v. Apotex Inc.*, 521 F.3d 253, 261 (3d Cir. 2008) (quoting *Hillsborough Cnty. v. Automated Med. Labs., Inc.*, 471 U.S. 707, 713 (1985)). Defendants appear to argue that "field" preemption applies because Congress established in FLSA a "sufficiently comprehensive remedial provision." (Br. in Supp. 8.)

The Third Circuit has not yet addressed the issue of whether FLSA preempts state common law claims. However, this district has previously held that FLSA preempted state common law fraud and misrepresentation claims that were based on the plaintiffs' overtime claims. *Moeck v. Gray Supply Corp.,* 2006 WL 42368, at *1–2 (D.N.J. Jan. 6, 2006) (granting partial summary judgment). Most other district courts have similarly held that a plaintiff's common law claims are preempted by FLSA where the common law claims are duplicative of or based on the same facts as the plaintiff's FLSA claim. *See, e.g.*, *Farmer v. DirectSat USA, LLC*, 2010 WL 3927640, at *14–16 (N.D. Ill. Oct. 4, 2010) (granting summary judgment as to Plaintiffs' state common law unjust enrichment, *quantum meruit*, and contractual breach claims that were preempted by FLSA); *Choimbol v. Fairfield Resorts, Inc.*, 2006 WL 2631791, at *6 (E.D. Va. Sept. 11, 2006) (dismissing common law claims as preempted where they stemmed directly from minimum wage and overtime claims under FLSA); *Chen v. Street Beat Sportswear, Inc.*, 364 F. Supp. 2d 269, 293 (E.D.N.Y. 2005) (holding negligence claims were preempted as

duplicative of FLSA claims); *Johnston v. Davis Sec., Inc.*, 217 F. Supp. 2d 1224, 1228 (D. Utah 2002) (dismissing state common law claims as preempted by FLSA where state claims were based on the same facts and circumstances as FLSA claims); *Alexander v. Vesta Ins. Grp., Inc.*, 147 F. Supp. 2d 1223, 1240–41 (N.D. Ala. 2001) (granting partial summary judgment where Plaintiffs attempted to recast FLSA overtime claims as fraud claims).[2]

Here, Plaintiff's FLSA claim is based on Defendants' nonpayment of accrued compensatory time. (Compl. ¶ 17) [1]. Plaintiff's state common law claims asserting breach of contract (Count II), breach of the implied covenant of good faith and fair dealing (Count III), *quantum meruit* (Count IV), tortious interference with economic advantage (Count V), unjust enrichment (Count VI), and equitable estoppel / detrimental reliance (Count VII), are all based upon the same facts—Defendants' nonpayment. Accordingly, all of the common law claims are preempted and therefore must be dismissed.

C. **FLSA Executive Employee Exemption**

Defendants maintain that Plaintiff is barred from overtime benefits under the FLSA's "executive employee" exemption because he is a high-ranking police official. (Br. in Supp. 19.) We find this exemption defense to be inadequately established at this stage.

FLSA exemptions are to be narrowly construed against an employer, and an employer bears the burden of establishing that the executive employee exemption applies "plainly and unmistakeably" to its employees. *Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d Cir. 2008) (citing *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960) and *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974)). The FLSA exempts from minimum wage and

---

[2] Plaintiff relies on *Chaluisan v. Simsmetal East LLC*, 698 F. Supp. 2d 397, 406–07 (S.D.N.Y. 2010), for the proposition that there is no bar to pleading FLSA and common claims simultaneously. (Br. in Opp'n 15) [16]. However, *Chaluisan* is not instructive, considering the court in *Chaluisan* refused to dismiss because it was "not clear from the Complaint (or from Plaintiff's opposition brief) whether Plaintiff's unjust enrichment claim [wa]s based solely on an alleged FLSA violation, or whether it ha[d] an independent basis." 698 F. Supp. 2d at 408.

maximum hour requirements "any employee employed in a bona fide executive, administrative, or professional capacity . . . ." 29 U.S.C. § 213(a)(1). Applicable labor regulations define an "executive employee" as an employee (1) compensated on a salary basis of at least $455 per week; (2) whose primary duty is management of the enterprise or a customarily recognized subdivision thereof; (3) who customarily and regularly directs the work of two or more employees; and (4) who has the authority to hire, fire, or promote other employees. 29 C.F.R. § 541.100.

  Defendants bear the burden of establishing that Plaintiff falls under the "executive employee exemption." Here, Defendants assert in their brief that Plaintiff's employment contract shows that his salary is greater than $455 per week. (Br. in Supp. 19.) Defendants assert that Plaintiff's primary duties as Captain and Police Chief consisted of managing the police force and operations of the Police Department, and that he had "the authority to hire and discipline employees as a high ranking police official." (*Id.* 19.) The Defendants further assert, based on the Certification of Borough Clerk Mary Sabik, that Plaintiff's duties as Chief of Police encompassed management of the entire police department, including scheduling, attendance, sick leave, and vacation time for the entire department. (Br. in Reply 9 (citing Mary Sabik Certification [19-1]).)

  We decline to dismiss Plaintiff's FLSA claim on "executive employee" exemption grounds for two reasons. First, while Defendants have asserted that Plaintiff engaged in management as the Chief of Police, Defendants have not yet established at this early stage of the litigation that this was Plaintiff's "primary duty" within the meaning of the regulations. *See Guthrie v. Lady Jane Collieries, Inc.*, 722 F.2d 1141, 1144 (3d Cir. 1983) (citing 29 C.F.R. § 541.103 (stating that "primary duty means the major part, or over 50 percent of, the employee's time," and noting that an employee might otherwise satisfy the "primary duty" test based on

factors such as relative importance of managerial duties, freedom from supervision, discretionary power, and wage relative to other employees)).

Second, there is no showing that the exemption would apply to all of the compensatory time claimed by Plaintiff.  Plaintiff alleges that he accrued compensatory time over the course of his employment from 1995 onwards.  (Compl. ¶ 5.)  Plaintiff was employed as a Sergeant for the first year of that period, then as a Captain from 1996 until 2004, and then as a Chief from 2004 until 2009.  (*Id*. ¶ 4.)  Defendants have not asserted that compensatory time accrued while Plaintiff was a Sergeant and a Captain would be exempted under the FLSA; in fact, they appear to concede that "if Plaintiff was a lower ranking police officer during the time period he seeks relief, then he may not be exempt from the overtime provisions set forth in the FLSA."  (Br. in Reply 9 n.1.)  Accordingly, even if Plaintiff is ultimately barred from recovering compensatory time accrued while he was Chief of Police, he nonetheless may have a viable claim for compensatory time accrued.

Thus, we cannot grant the motion to dismiss based on FLSA's "executive employee" exemption.

### D. Plaintiff's Entitlement to Compensatory Time

Defendants argue that Plaintiff has no claim for compensatory time because Plaintiff has already received in his weekly paychecks compensatory time for holidays and court appearances. (Br. in Supp. 14); (Br. in Reply 7–8) [19].  We disagree.

Plaintiff's employment was governed by a series of Employment Contracts containing substantially similar provisions: the first is dated May 18, 1995; the second is dated November 19, 2001; the third is dated June 16, 2005; the fourth is dated February 21, 2008.  (Robert E. Levy, Esq., Certification II Ex. A) [19-2].[3]  The 2001, 2005, and 2008 contracts state, "No

---

[3] We consider these documents—implicitly relied upon in the Complaint and attached to Defendants' motion

overtime benefits will be offered by the Borough to Chief Michael P. Kelly . . . other than comp time *and* benefits that are afforded the PBA for working holidays, and for Municipal County Court appearances." (*Id*. (emphasis added).) Defendants argue based on this contractual provision that Plaintiff's right to compensatory time is limited to the benefits afforded for holidays and court appearances, in addition to other entitlements contained in a collective bargaining agreement. (Br. in Reply 7.) However, the use of the word "and" in the excerpt above indicates that "comp time" is a category separate and apart from "benefits" for holidays and court appearances. Thus, the Employment Contracts do not appear to preclude Plaintiff's recovery of compensatory time beyond the holiday and court appearance payments, and dismissal on that ground is inappropriate at this time.[4]

### E. FLSA Recovery Limit on Compensatory Time

Defendants argue that Plaintiff should be barred from recovering more than the FLSA-prescribed limit of 480 hours of compensatory time. (Br. in Supp. 14.) While we agree that FLSA recovery limits likely apply to Plaintiff's claim, we conclude that these limits do not provide a sufficient basis on which to dismiss Plaintiff's FLSA claim in its entirety.

The Borough's Employee Manual states that "compensatory time earned and not used as of the date of termination shall be paid in accordance to the provisions of the Fair Labor Standards Act." (Levy Certification I Ex. B.) FLSA's maximum hour section provides, "Employees of a public agency which is a State, a political subdivision of a State, or an interstate governmental agency may receive, in accordance with this subsection and in lieu of overtime

---

papers—to be undisputedly authentic documents that are appropriate for our review in deciding the motion. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[4] We note here that the 1995 Employment Contract features language slightly different from the later contracts, stating, "No overtime benefits will be paid . . . other than benefits afforded the PBA for working holidays and for Municipal and County Courts." (Levy Certification II Ex. A, Employment Contract May 18, 1995, at ¶ 3.) This may ultimately mean that Plaintiff cannot recover compensatory time accrued during the period covered by the 1995 contract—fiscal years 1995 through 1998. However, because the later contracts do provide for "comp time," we decline to dismiss the claim in its entirety based on the 1995 Employment Contract alone.

compensation, compensatory time off[5] at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by this section." 29 U.S.C. § 207(o)(1).  However, under FLSA, an employee engaged in a "public safety activity" may accrue "not more than 480 hours of compensatory time for hours worked after April 5, 1986." 29 U.S.C. § 207(o)(3)(A).  If a public safety employee accrues more than 480 hours, then "compensatory time off shall, for additional overtime hours of work, be paid overtime compensation." *Id.*  This means that, once the compensatory time maximum is exceeded, the employer must make cash payments for overtime work. *Baker v. Stone County, Mo.*, 41 F. Supp. 2d 965, 995 (W.D. Mo. 1999)

Here, particularly given the lack of dispute by Plaintiff as to his work classification, it is safe to conclude that Plaintiff's law enforcement positions would be considered "public safety" activities.  However, although the FLSA recovery limit will ultimately cap Plaintiff's recovery of compensatory time at 480 hours, this limit does not require this Court to dismiss Plaintiff's compensatory-time claim in its entirety.  Plaintiff alleges that "Defendants have made no payments to Plaintiff for those amounts due and owing to him for accrued compensatory time." (Compl. ¶ 11.)  While Plaintiff demands more than 5,200 hours of accrued time, this does not preclude the recovery of a lesser amount within the FLSA limit.  Moreover, Defendants have failed to identify any authority for the proposition that a court must circumscribe a plaintiff's FLSA compensatory-time claim at the pleading stage.[6]  This is likely because FLSA recovery limits are best addressed in fashioning an appropriate remedy after a finding of liability.  Thus, as Plaintiff has stated sufficient facts for a plausible claim to recover compensatory time, the

---

[5] FLSA defines "compensatory time off" as "hours during which an employee is not working, which are not counted as hours worked during the applicable workweek or other work period for purposes of overtime compensation, and for which the employee is compensated at the employee's regular rate." 29 U.S.C. § 207(o)(7)(B).

[6] Defendants' reliance on *Moore v. Fairfield Cnty. Sheriff's Dep't* is misplaced, considering the plaintiff in *Moore* had already received "562 compensatory hours, in excess of the 480 hours that he could demand in the complaint." 127 F. App'x 805, 806 (6th Cir. 2005).  Here, by contrast, Plaintiff alleges that he has not received any compensatory hours at all.

motion to dismiss the FLSA claim is denied regardless of any recovery limits.

**F.      FLSA Statute of Limitations & Equitable Tolling**

As noted above, under FLSA, once an employee accrues the maximum of 480 hours of compensatory time, additional compensatory time is converted to overtime, payable at one and one-half times the regular rate, *see* 29 U.S.C. § 207(a). Plaintiff demands payment of "all compensatory hours accrued, regardless of whether those hour [sic] are classified as 'overtime' or 'compensatory time.'" (Compl. ¶ 16.) Defendants argue that the overtime claims are partially barred by FLSA's statute of limitations. (Br. in Supp. 19–20.) We agree, but nonetheless decline to dismiss Plaintiff's FLSA claim in its entirety.

FLSA's statute of limitations provides that any cause of action for unpaid overtime compensation

> may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]

29 U.S.C. § 255(a). An action is considered "commenced" on the date that a complaint is filed. 29 U.S.C. § 256.[7] A cause of action for unpaid overtime accrues "when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends." 29 C.F.R. § 790.21(b). This district has previously stated that "[a] separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which overtime is claimed." *Henchy v. City of Absecon*, 148 F. Supp. 2d 435, 437 (D.N.J. 2001) (quotation and citations omitted).

The Complaint was filed on August 11, 2010 [1]. Defendants therefore assert that any

---

[7] This definition has two exceptions applicable only to class actions and therefore not relevant to this case.

overtime claimed prior to August 11, 2008 is barred by the statute of limitations. (Br. in Supp. 20.) Plaintiff asserts that his claims should not be barred because equitable tolling of the statute of limitations is appropriate. (Br. in Opp'n 20–22.)

The Third Circuit has identified three situations in which equitable tolling may be appropriate: "(1) [if] the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *United States v. Midgley,* 142 F.3d 174, 179 (3d Cir. 1998) (internal quotations omitted). The burden is on the plaintiff to demonstrate that he exercised reasonable diligence and that equitable tolling is appropriate. *See Byers v. Follmer Trucking Co.,* 763 F.2d 599, 600-01 (3d Cir. 1985). Equitable tolling is appropriate "where the employer's own acts or omissions have lulled the plaintiff into foregoing prompt attempts to vindicate his rights." *Meyer v. Riegel Prods. Corp.,* 720 F.2d 303, 309 (3d Cir.1983). Additionally, an employer's actions need not be "egregious acts of active deception" in order to toll the limitations period. *Miller v. Beneficial Mgmt. Corp.,* 977 F.2d 834, 845 (3d Cir. 1992) (citing *Meyer,* 720 F.2d at 307). For example, this district previously found summary judgment on statute of limitations grounds inappropriate where a plaintiff officer alleged that his police chief had repeatedly assured him that the overtime compensation provided for in his employment agreement was proper. *See Henchy*, 148 F. Supp. 2d at 439.

Here, Plaintiff asserts that he relied upon Defendants' representations in the Borough's Employee Manual that they would compensate him for accrued compensatory time upon his retirement. (Br. in Opp'n 21) [16]. We find Plaintiff's argument unconvincing. The Borough's Employee Manual states that "compensatory time earned and not used as of the date of termination shall be paid in accordance to the provisions of the Fair Labor Standards Act." (Levy Certification I Ex. B.) The Manual does not state categorically that all accrued, unused

compensatory time will be paid upon termination; rather, it indicates that payment will be made according to the FLSA.  To the extent that Plaintiff claims he relied on the Employee Manual, he essentially concedes he was on notice that, under FLSA, his compensatory time would be subject to FLSA's 480-hour limit, and that any time accrued beyond the limit would be converted to overtime to be paid in cash.  *See* 29 U.S.C. § 207(o)(3)(A).  It was therefore incumbent upon him to stay abreast of the amount of compensatory time he was accruing and to request overtime payments once his compensatory hours exceeded the 480-hour limit.  We cannot conclude that Defendants, merely by including the above provision in the Employee Manual, induced Plaintiff to remain ignorant of the amount of his accrued compensatory time until his retirement.  Accordingly, equitable tolling is inappropriate, and the statute of limitations would apply to Plaintiff's claimed overtime.  Given that Plaintiff filed the Complaint on August 11, 2010, at the very least any overtime claims prior to August 11, 2007, would be barred by the statute of limitations.[8]  At this juncture, we will deny the Motion to Dismiss on statute of limitations grounds the Plaintiff's claims for overtime accrued subsequent to August 11, 2007.

## IV. MOTION TO AMEND

Federal Rule of Civil Procedure 15(a) states that a court should freely give a party leave to amend its pleadings "when justice so requires."  Fed. R. Civ. P. 15(a).  This is generally a liberal standard.  *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  Nonetheless, a court may deny a motion to amend on grounds of undue delay, prejudice, bad faith, or futility.  *Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005).  A motion to amend is futile if the plaintiff's claims are time-barred.  *In re NAHC, Inc., Sec.*

---

[8] Because Plaintiff has alleged that Defendants' failure to pay constituted a "willful" violation, (Compl. ¶ 17), we will apply the three-year statute of limitations at the present stage.  However, willfulness is not assumed, and may not ultimately be applied.

*Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002). An amendment is also futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). In determining whether an amendment is "insufficient on its face," the Court employs the Rule 12(b)(6) motion to dismiss standard. *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

Here, the Court has not been alerted to any signs of undue delay, prejudice, or bad faith. As to futility, we have concluded above that 12(b)(6) dismissal of the initial Complaint would be inappropriate at this stage; by the same logic, we cannot say that further development of Plaintiff's factual allegations would be futile. We anticipate that, at a minimum, Plaintiff will use the opportunity to amend to respond to the issues addressed in this opinion. For example, it is unclear from the original Complaint what amount of compensatory time was accrued during the distinct periods in which Plaintiff was a Sergeant, Captain, and the Chief, respectively. It is also unclear when the amount of accrued compensatory time reached the 480-hour mark, and how much compensatory time accrued after August 11, 2007.

Thus, we will give Plaintiff leave to amend the Complaint.

## IV. CONCLUSION

For the reasons stated above, and for good cause shown,

IT IS on this 8th day of February, 2011,

ORDERED that Defendants' Motion to Dismiss [docket # 7] is GRANTED in part and DENIED in part; and it is

ORDERED that Counts II, III, IV, V, VI, and VI of the Complaint are DISMISSED; and it is

ORDERED that Plaintiff's Motion to Amend is hereby GRANTED.

 _/s/ Anne E. Thompson_____
ANNE E. THOMPSON, U.S.D.J.